Deborah Lorraine DAUGHERTY, Plaintiff–Appellant,

v.

Wendy Kay COSTELLO, individually and in her official capacity as an employee of Animal Control Division, Department of Public Health, County of Butte; Debra Trew, individually and in her official capacity as an employee of Animal Control Division, Department of Public Health, County of Butte; Gary House, individually and in his official capacity as Director, Department of Public Health, County of Butte; Scot Johnson, individually and in his official capacity as a Code Enforcement Officer, Department of Development Services, County of Butte; Richard Graves, individually and in his official capacity as Deputy Sheriff, County of Butte; Mick Grey, individually and in his official capacity Sheriff, County of Butte; Merry Sue Johnson, individually and in her official capacity as former Director of Northwest Society for the Prevention of Cruelty of Animals; Northwest Society for the Prevention of Cruelty to Animals; a business entity; County of Butte, Defendants–Appellees.

No. 00–16184.

D.C. No. CV–98–01980–WBS.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001.*

Decided Nov. 21, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Deborah Lorraine Daugherty appeals the district court's grant of summary judg-

ment in favor of Butte County animal control officers, the Northwest Society for the Prevention of Cruelty to Animals, and other parties, in this 42 U.S.C. § 1983 action arising from the seizure of Daugherty's 110 poodles pursuant to California Penal Code § 597.1. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

## I

Daugherty argues that Appellees violated her Fourth Amendment rights, asserting that they unlawfully entered the Swedes Flat Property, where her dogs were found, and searched for the poodles on the property, in the mobile home, and in the barn. We disagree. Appellees were properly on the property pursuant to the open fields doctrine, which stands for the proposition that the Fourth Amendment does not extend to areas, like the grounds at issue here, that are usually accessible to the public. *Oliver v. United States,* 466 U.S. 170, 177–79, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984) (noting that even putting up a fence or a no trespassing sign does not create a legitimate expectation of privacy in open fields); *cf. United States v. Dunn,* 480 U.S. 294, 301, 107 S.Ct. 1134, 94 L.Ed.2d 326 (1987) (the Fourth Amendment does protect the area harboring the intimate activity associated with the sanctity of a man's home and the privacies of life).

In addition, because dozens of unkempt poodles on the property, in the mobile home, and in the barn were in plain view, Appellee's observation of the poodles did not constitute an unlawful search under the Fourth Amendment. *See California v. Ciraolo,* 476 U.S. 207, 213, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986) (the Fourth Amendment "has never been extended to require

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

law enforcement officers to shield their eyes when passing by a home on public thoroughfares").

■ Nor did the warrantless search of the mobile home violate the Fourth Amendment because the home was licensed to Daugherty's mother, who was on parole for felony cruelty to animals, and was conducted pursuant to a valid state regulation governing probationers. *See Griffin v. Wisconsin,* 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987). The parole officer's authorization of the search was sufficient to overcome the requirement for a warrant because one of the conditions of parole for Daugherty's mother was that she was not to possess any animals

## II

We likewise reject Daugherty's argument that the animal control authorities impermissibly seized her dogs pursuant to a non-operative statute. Although Daugherty challenges the statute on a multitude of grounds, none is availing here. Regardless whether § 597.1 was operative, the defendants were required to seize the poodles under the default statute, California Penal Code § 597f, which unquestionably was in effect at the time. Thus the seizure of the animals was proper.

## III

■ We also find that there is no violation of Daugherty's Sixth Amendment Rights because there is no right to criminal procedures in a post-seizure administrative hearing. Daugherty did have notice and a opportunity to be heard on the seizure of her poodles, thereby affording her due process of law. *See Logan v.*

*Zimmerman Brush Co.,* 455 U.S. 422, 434, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982).

AFFIRMED.